Smith *v.* De Russy.

---

ELEANOR SMITH, executrix, &c.,

*v.*

CHARLES A. DE RUSSY and others.

A sale of lands on foreclosure conveys only the estate of which the mortgagor was seized at the time the mortgage was given; and if such mortgage contain no covenants of warranty, the lien of a second mortgage, made after the mortgagor had acquired a fee-simple, is not affected by way of estoppel by the fact that the second mortgagee was, as such, made a party to the foreclosure of the first mortgage.

---

Bill for partition. On final hearing on pleadings and proofs.

*Mr. G. Collins*, for complainant.

*Mr. G. C. Ludlow*, for defendant Martin.

THE CHANCELLOR.

The question litigated between the parties is, whether Mrs. Smith, the complainant, is the owner of the interest

which Edward De Russy once owned in the premises whereof partition is prayed. She claims that interest under a master's deed to her, made in pursuance of a sale under and by virtue of a *fieri facias* in proceedings in foreclosure in this court, in which she was complainant and Isaac L. Martin and others were defendants. Those proceedings were instituted by her upon a mortgage given by Thomas M. De Russy to her in 1873. At that time the mortgagor had not acquired the interest of Edward De Russy in the mortgaged premises, though the mortgage purported to convey the entire premises. He subsequently acquired it, and then gave a mortgage to Martin on his interest in the property by the same description as in the mortgage to complainant. The complainant, in her foreclosure suit, made Martin a party, in respect of his mortgage, averring that he, by virtue thereof, claimed to have some interest in the mortgaged premises, and charging that his interest, if any, was subsequent to hers, and his mortgage subject to the lien of hers. The question as to whether Martin was estopped from denying the priority of her mortgage over his, as to the interest purchased from Edward De Russy, was not presented. The bill was taken as confessed as against Martin, and he proved his claim under his mortgage in the suit, and payment thereof was decreed to be made out of the proceeds of the sale of the mortgaged premises, after payment of the complainant's mortgage. The complainant insists that Martin is estopped from denying her title to the interest purchased from Edward De Russy, because her mortgage purported to convey the entire premises. But the proof is clear that Thomas M. De Russy never represented to her that he was the owner of the entire premises or of the interest which Edward De Russy had therein. There is no covenant of seizin or warranty in the mortgage to her. And, although the entire premises are described in the mortgage as being mortgaged thereby, yet the description of the property in that instrument is followed by the statement that the property mortgaged is the same which was

Smith *v.* De Russy.

conveyed by the complainant to the mortgagor by deed of even date with the mortgage, and that the mortgage was given to secure the payment of part of the purchase-money of that conveyance. And such was the fact.

The deed to the mortgagor, from the complainant, purported to convey the entire premises, although Edward De Russy then owned an interest in the property, to which the complainant had no title, and which she had not the power to convey. Her deed is without covenants, except the usual covenant against the grantor's own act. It is proved that Martin refused to take a mortgage from Thomas M. De Russy on his interest in the property, except on condition that the latter should first acquire the interest of Edward De Russy, so that Martin should have that as security clear of the complainant's mortgage. No estoppel arises in this case from covenant; for, as before stated, there is no covenant of seizin or warranty. Nor does any estoppel arise from the principles of natural justice. Under the execution in the foreclosure proceedings, the master, in fact, conveyed to the complainant title only to the land really mortgaged to her, which was that which she conveyed. The case presents no question as to the protection of a *bona fide* purchaser at a judicial sale. The interest which the mortgagor acquired from Edward De Russy is unaffected by the foreclosure proceedings. In these proceedings the complainant assumed that the premises mortgaged to her and those mortgaged to Martin were identical. The bill raised no question on that score, nor did it seek to marshal securities. The mortgaged premises did not bring enough to pay the complainant's mortgage. She has no title, under the foreclosure sale, to the interest purchased by Thomas M. De Russy from Edward De Russy.